**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSE ROSAS, | ) | NO. CV 14-1566-GAF (AS) |
| Petitioner, | ) | |
| | ) | **ORDER DISMISSING ACTION** |
| v. | ) | **WITHOUT PREJUDICE** |
| DANIEL PARAMO, Warden, | ) | |
| Respondent. | ) | |

**PROCEEDINGS**

On March 3, 2014, Jose Rosas ("Petitioner"), a state prisoner proceeding *pro se,* filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. (Docket Entry No. 1). Petitioner, who is serving a sentence of 55 years-to-life, alleges that there was insufficient evidence of force and/or duress in connection with his convictions for child molestation, sex with a child under ten, sex/oral copulation with a child under 10, and forcible lewd or lascivious act upon a child under 14, and asserts that his convictions were obtained in

violation of his Miranda rights. (Petition 3-6.).

On January 27, 2014, the California Court of Appeal affirmed Petitioner's convictions. See People v. Rosas, Case No. B251854, (Cal. Ct. App. Jan. 27, 2014).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court screened the Petition and issued an Order explaining that it appeared that Petitioner may have intended to file a "Petition for Review" directed to the California Supreme Court (See Pet. 1.), but actually filed the Petition in this court as it was addressed to the United States District Court in the Central District of California (Docket Entry No. 3). The Court observed that, to date, Petitioner had not filed a petition for review in the California Supreme Court following the Court of Appeal's judgment affirming his convictions and that Petitioner may well have intended the instant Petition to be filed in the California Supreme Court. (Id.) The Court explained that since Petitioner had failed to present the claims asserted in the Petition to the California Supreme Court and to have that Court adjudicate those claims, in a petition for review of the Court of Appeal's Judgment or a habeas petition, he may not be entitled to seek habeas relief in federal court because federal law requires that a Petitioner exhaust (that is, present) his claims in the California Supreme Court before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A); Rose

v. Lundy, 455 U.S. 509 (1982). Id. The Court concluded that the Petition appeared to contain fully unexhausted claims and was subject to dismissal on its face and directed Petitioner to file a supplemental statement to advise the Court whether his filing of the instant Petition in this Court was inadvertent or intentional. On April 10, 2014, Petitioner filed a declaration in support of a request for Proceed In Forma Pauperis but did not file the supplemental statement ordered by the Court or otherwise respond to the Court's Order (Docket Entry No. 5).

On March 25, 2014, almost two weeks after the Court's Order, Petitioner filed a petition for review in the California Supreme Court.[1]

**DISCUSSION**

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b) - (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court

---

[1] The Court takes judicial notice of state court records that are available on the California Courts' website at http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2072431&doc_no=S217346 (last visited April 23, 2014). The website provides the date on which Petitioner filed a petition for review in the California Supreme Court, March 25, 2014, in case number S217346.

3

conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844. State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989); James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). Here, Petitioner has filed a petition for review with the California Supreme Court but that Court has not yet adjudicated his petition. Under O'Sullivan, the California Supreme Court has not yet had the first opportunity to provide relief. 526 U.S. at 844. The Petition is therefore unexhausted and subject to dismissal on its face.

Petitioner has failed to state an exhausted constitutional claim for relief and therefore, the Petition fails to state a claim upon which relief may be granted. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party. 28 U.S.C. § 2243; see also Rule 4, Rules Governing Section 2254 cases in the United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition []that the petitioner is not entitled to relief").

///

4

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 25, 2014.

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

PRESENTED this 24th day of April 2014, by:

/s/
_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

5